UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC LEE PORTERFIELD, | ) | CASE NO. 4:16-cv-1954 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| LUWAYNE ANNOS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Eric Lee Porterfield, a state prisoner incarcerated in the Mansfield Correctional Institution, has filed this *in forma pauperis* civil rights action against Trumbull County Prosecutor LuWayne Annos. Plaintiff alleges Mr. Annos was a prosecutor in the criminal case brought against him in Trumbull County, in which the plaintiff entered a plea of guilty and was convicted of two counts of aggravated murder and kidnapping and one count of attempted aggravated murder, aggravated burglary, and aggravated robbery. *See State v. Porterfield*, No. 00 CR 402 (Trumbull Cty. Ct. of Comm. Pl.).

Plaintiff's Complaint, and its multiple unexplained exhibits, are incomprehensible. The best the Court can discern from plaintiff's pleading is that he contends he is owed a "debt" from Mr. Annos and seeks to recover from him the "sum certain amount of $36,000,000.00" for "injuries/damages and breach of contract, violation of oath and misrepresentation and impermissible application of [a] statute." (Doc. No. 1 at 4-5.) The complaint does not set forth a discernible factual basis for such claims.

Although the standard of review for *pro se* pleadings is liberal, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen prisoner *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To state a claim on which relief may be granted, a complaint must set forth factual matter, accepted as true, sufficient to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). A complaint is frivolous when it is based on an indisputably meritless legal theory or where its factual contentions are clearly baseless. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Plaintiff's complaint does not set forth allegations reasonably suggesting he has any plausible federal claim against Mr. Annos. Further, it is well-established that, "in initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Plaintiff does not allege facts plausibly suggesting Mr. Annos engaged in any conduct falling outside the scope of his prosecutorial duties, for which he is immune from a damages suit.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 7, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**